RECEIVED

MAR 2 2 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| LOUIS BARRAS SR. | CIVIL ACTION NO.: 12-0197 |
| VERSUS | JUDGE DOHERTY |
| AMERADA HESS CORPORATION, ET AL. | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING

Pending before this Court is a Report and Recommendation by the magistrate judge [Doc. 374][1], on certain "blanket" motions to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by HESS CORPORATION F/K/A AMERADA HESS CORPORATION, CONOCO PHILLIPS CO., SOUTHERN NATURAL GAS COMPANY, EXXON MOBIL CORPORATION, EL PASO FIELD SERVICES MANAGEMENT INC.,[2] ENTERPRISE PRODUCTS COMPANY, UNION OIL OF CALIFORNIA, FLORIDA GAS TRANSMISSION CO., LLC,[3] THE DOW CHEMICAL COMPANY, TEXACO PIPELINES, LLC, ANADARKO PETROLEUM CORPORATION, HUNT OIL CO., DENBURY MANAGEMENT, INC., HILCORP ENERGY CO., THE LOUISIANA LAND & EXPLORATION CO., KERR-MCGEE FEDERAL LIMITED PARTNERSHIP I-1981, CONCHA CHEMICAL PIPELINE, LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE COMPANY, BRIDGELINE HOLDINGS, L.P., SHELL PIPELINE COMPANY LP, SORRENTO PIPELINE COMPANY, WILLBROS CONSTRUCTION (U.S.)

---

[1] All citations to record documents are to this case's docket sheet unless specified otherwise.

[2] El Paso CGP, LLC is successor by merger.

[3] Sometimes referred to as Florida Gas Transmission Co. in the pleadings.

LLC,[4] DENBURY RESOURCES, INC., DENBURY ENERGY SERVICES, INC., DOW INTRASTATE GAS COMPANY, CAMPBELL ENERGY CORPORATION, GULF PRODUCTION COMPANY INC., PANO-TECH EXPLORATION CORP. A/K/A CAPRICORN PIPELINE CO., ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED, ZURICH AMERICAN INSURANCE COMPANY, AMERICAN INTERNATIONAL GROUP ("AIG"), AMERICAN EQUITY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, AMERICAS INSURANCE COMPANY, TIG SPECIALTY INSURANCE COMPANY, ST. PAUL SURPLUS LINES INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, CERTAIN UNDERWRITERS AT LLOYD'S LONDON, LLOYDS UNDERWRITERS, and LLOYDS AND COMPANIES AND/OR LLOYDS OF LONDON ("Defendants"). [Docs. 328-333, 340] A prior Report and Recommendation, as to all plaintiffs, ("Global Report and Recommendation") adopted in pertinent part by this Court determined certain pleadings met the applicable standard pursuant to Federal Rule of Civil Procedure 12(b)(6) as to the maritime torts pled, and certain pleadings did not. The magistrate judge recommended, and this Court adopted, those recommendations resulting in the dismissal of certain defendants and their insurers as a result of the determinations made as to the Federal Rule of Civil Procedure 12(b)(6) standard. [Doc. 372] As noted, this Court addressed the "Global Report and Recommendation" of the magistrate judge in a Memorandum Ruling and Order, where this Court modified certain portions, adopted certain portions, and remanded certain portions for clarification. [Docs. 409 and 410] The present Report and Recommendation, although, specific to Louis Barras Sr., the named Plaintiff above ("Individual Report and Recommendation"), is also

---

[4]F/K/A Willbros RPI, Inc.

influenced and to some extent governed by the prior ruling of this Court [Docs. 409 and 410] as to the "Global Report and Recommendation." Defendants filed both joint and individual objections to various aspects of the Individual Report and Recommendation [Docs. 381-385]; the Plaintiff filed his objections to the Individual Report and Recommendation [Doc. 368]; no responses to objections were filed by either side.

## I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the [magistrate judge's] report [and recommendation] or specified proposed findings or recommendations to which objection is made." Section 636(b)(1) further states "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."

## II. Procedural Posture

This case has a lengthy procedural history, and has been ongoing for six (6) years primarily in state court and now in this Court, which will not be reiterated at this juncture. Pursuant to a recommendation by the magistrate judge to correct the pleadings [ Doc. 263, p. 18], which was adopted by this Court [Doc. 269], plaintiffs filed a Fifth Supplemental and Amended Complaint on May 16, 2011. [Doc. 280] Subsequently, Defendants collectively filed multiple motions to dismiss pursuant to Rule 12(b)(6). [Docs. 328-333, 340] The magistrate judge heard lengthy oral arguments from the parties on October 25, 2011 on the motions filed. [Doc. 362] In preparation for his report and recommendation, the magistrate issued an order separating the actions which had been cumulated in state court prior to removal, into individual civil actions within this Court keying to

the individual plaintiffs. [Doc. 366] A Report and Recommendation ("Global Report and Recommendation") pertaining to all plaintiffs, was filed on August 8, 2012. [Doc. 372] Both plaintiffs and defendants filed numerous objections [Docs. 389-393, 399] and responses [Docs. 400-408] to this "Global Report and Recommendation", which this Court, thereafter, addressed by Memorandum Ruling and Order, modifying, adopting in part, and remanding in part. [Docs. 409 and 410] The magistrate judge issued this Individual Report and Recommendation as to Plaintiff, Louis Barras Sr., on August 10, 2012, in part referencing the findings made within the "Global Report and Recommendation" as they might apply to this individual plaintiff. [Doc. 374]

### III. Applicable Law

When applying the proper standard of inquiry under a Rule 12(b)(6) motion to dismiss, the inquiry is limited to the pleadings with limited exception. The crux of this Court's role is to determine whether the tort pled, here a maritime tort, was sufficiently pled under the *Twombly*[5] and *Iqbal*[6] standard.

#### *The Rule 12(b)(6) Standard*

This Court gave full discussion of the Federal Rule of Civil Procedure 12(b)(6) standard as defined by the jurisprudence, i.e. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) in its ruling on the "Global Report and Recommendation." [Docs. 409 and 410] The Court adopts that analysis and discussion by reference in this Ruling.

Nonetheless, this Court reminds, when reviewing a motion to dismiss, this Court's "analysis

---

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

generally should focus exclusively on what appears in the complaint and its proper attachments." *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012) *cert. denied*, 133 S.Ct. 32, 183 L.Ed. 2d 678 (U.S. 2012) (citing *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006)). The Court reviews the motion to dismiss, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). A claim has facial plausibility where the pled facts allow a court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). Stated differently, if a plaintiff fails to allege facts sufficient to "nudge [his or her] claims across the line from conceivable to plausible, [his or her] complaint must be dismissed." *Mitchell v. Johnson*, 07-40996, 2008 WL 3244283 (5th Cir. Aug. 8, 2008) (citing *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). Determining whether this standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937.

**IV. Analysis**

It is undisputed the only available claims remaining to plaintiff are those couched under the

general *maritime* law, as all state law claims have been dismissed and no other basis is argued by any of the parties beyond maritime tort. Under the procedural vehicle selected, this Court must look to the four corners of the complaint, and any attachments thereto, to determine whether plaintiff has sufficiently stated a claim for which relief can be granted under the applicable *procedural* standard. In so doing, the Court is instructed to accept the factual allegations as true, and determine whether the allegations "nudge" the claims "across the line from conceivable to plausible...." *Mitchell v. Johnson*, 07-40996, 2008 WL 3244283 (5th Cir. Aug. 8, 2008) (citing *Twombly*, 127 S. Ct. 1955, 1965). This Court previously dismissed certain defendants[7], as such, this Court looks only toward the specific allegations made against the remaining defendants to determine whether as to *this* Plaintiff, Mr. Barras, the 12(b)(6) standard was met. This Court agrees with the magistrate judge that as to AMERADA HESS, SOUTHERN NATURAL GAS CO., ENTERPRISE PRODUCTS CO., FLORIDA GAS TRANSMISSION CO., EL PASO FIELD SERVICES MANAGEMENT, INC., UNION OIL COMPANY OF CALIFORNIA, EXXON MOBILE CORPORATION, DOW CHEMICAL CO., TEXACO PIPELINES, LLC, LOUISIANA LAND AND EXPLORATION CO., and KERR-MCGEE FEDERAL LIMITED PARTNERSHIP AND THEIR RESPECTIVE INSURERS, Plaintiff has sufficiently pled a cause of action to survive the challenge made under Federal Rule of Civil Procedure 12(b)(6). As such, at this juncture, as to these defendants, defendants' motions to dismiss are DENIED as this Court agrees with *the outcomes* of the Individual Report and Recommendation and ADOPTS *those outcomes* herein, agreeing the acts alleged as to these defendants are of a nature sufficient to meet the 12(b)(6) standard when pleading a maritime

---

[7]SHELL PIPELINE COMPANY LP, CONCHA CHEMICAL PIPELINE, LLC, ENTERPRISE LOU-TEX PROPYLENE PIPELINE LP, BRIDGELINE HOLDINGS, L.P.,DENBURY RESOURCES, INC., SORRENTO PIPELINE COMPANY, WILBROS RPI, INC., DOW INTRASTATE GAS COMPANY (and their respective insurers) ("Dismissed Defendants").

tort. [Doc. 374, p.14] Again, this Court does not, nor does the magistrate judge, determine a maritime tort actually exists, rather, only that the standard of *Twombly* and *Iqbal* within a 12(b)(6) inquiry has been met, at this juncture.

A.  Objections

**Defendants' Common Objections**

Defendants' lodge a number of common objections to the magistrate judge's Individual Report and Recommendation as to Mr. Barras. [Doc. 382] Defendants' lodge as their **objection 1**:

> 1. Defendants adopt and re-urge their objections to the Report and Recommendation dated August 1, 2012 (Rec. Doc. 372 or "Main Report and Recommendation") as if fully set forth herein.

[Doc. 382, p. 5] As this Court has already addressed the objections adopted and re-urged here in its Memorandum Ruling and Order [Docs. 409 and 410] this objection is OVERRULED and DENIED for the reasons and analysis given and hereby adopted, and incorporated by reference, in Docs. 409 and 410. Likewise as to **objections 2, 3, 4, and 5** [Doc. 382, p.6], which are of the same substance as objections lodged against the magistrate judge's "Global Report and Recommendation," this Court's analysis, as applicable, and as contained in the Memorandum Ruling thereto [Doc. 409] is hereby incorporated by reference. Therefore, **objections 2, 3, 4, and 5** are also OVERRULED and DENIED to the extent they challenge the sufficiency of the maritime tort allegations *as analyzed under the applicable procedural standard*. As to the challenge as to the damages alleged, this Court finds, again, that pursuant *to the procedural vehicle of Rule 12(b)(6)* and the *Iqbal* and *Twombly* standard, Plaintiff, Louis Barras has sufficiently met the pleading standard at this juncture for the reasons stated by the magistrate judge as modified by this Court and adopted and incorporated herein.

Defendants next challenge the sufficiency of the Individual Report and Recommendation's finding that damages were sufficiently pled by lodging the following objections:

> 6. Defendants object to the finding that Barras pleaded any claim for recoverable *non-economic* damages. Rec. Doc. 374, p. 10. ...
>
> 7. Defendants object to the Barras Report and Recommendation's reliance upon Plaintiff's allegation as to *punitive damages as a basis for maritime jurisdiction* because any right to punitive damages is dependant upon the Court's maritime jurisdiction over an underlying maritime tort. Rec. Doc. 374, p. 13. ...
>
> 8. Defendants further object to the finding that Barras has pleaded sufficient facts to support a claim for *punitive damages*. Rec. Doc. 374, pp. 10, 13. ...

[Doc 382, pp. 6-7] To the extent that **objection 6** deals with *Robins Dry Dock*[8], this objection will be addressed within the analysis of Florida Gas Transmission Co.'s objection dealing with same in the next section. As to **objection 7**, this Court notes a careful reading of the Individual Report and Recommendation reveals the Individual Report and Recommendation does not, as argued, "base maritime jurisdiction on allegations of punitive damages," rather the Individual Report and Recommendation notes that within the general maritime law, under certain situations, punitive damages are allowable, and to the extent the pleadings meet the 12(b)(6) standard as defined by *Twombly* and *Iqbal*, as to that claim, the 12(b)(6) motion should fail. It is well established that maritime law provides for punitive damages where conduct is deemed to be intentional, wanton and reckless with a conscious disregard for the rights of others, or stated differently, egregious conduct. This Court notes under the procedural vehicle selected, this Court must accept as true those allegations made and notes jurisdiction, itself, is challenged by neither party at this juncture. The magistrate judge found, and this Court agrees, plaintiff alleges a plethora of conduct of a nature which could conceivably rise to a level that might "nudge" the claim made from conceivable to

---

[8] *Robins Dry Dock & Repair Co. V. Flint*, 275 U.S. 303, 48 S.Ct. 134 (1927).

plausible as a maritime tort, under the 12(b)(6) analysis. Therefore, this Court finds the factual allegations, if accepted as true, are sufficient to "nudge [plaintiffs'] claims across the line from conceivable to plausible" for this particular and limited 12(b)(6) inquiry. However, again, to be clear, the magistrate judge does not rely on an allegation of punitive damages as a basis for maritime jurisdiction as argued. To the extent the magistrate judge's Individual Report and Recommendation could be read to have made a *substantive finding* on this point, this Court notes such a finding is not required for the limited inquiry before the Court and declines to make or adopt any such legal finding or adopt any such argued finding of fact. Because this is a 12(b)(6) inquiry, this Court need not, and will not, determine whether a claim for punitive damages actually exists, rather only finds sufficient facts have, if taken as true, been pled to "nudge" the claims across the line from "conceivable to plausible." Consequently, this Court makes no *substantive* legal or factual finding as to the actual existence or lack thereof of a viable punitive damage claim, and, also, makes no comment as to whether the argued interpretation of the magistrate judge's Individual Report and Recommendation is either correct or incorrect as to any such argued substantive finding, as a substantive finding on that issue is beyond the scope of the inquiry at hand. Consequently, under the limited 12(b)(6) inquiry, the allegations made by plaintiff, Mr. Barras, survive a *12(b)(6) challenge*; whether those same claims could or would survive a challenge under a different procedural vehicle or a challenge to jurisdiction itself is not before this Court. **Objection 8**, likewise, misses the mark as, again, a close reading reveals the magistrate judge simply noted "he [plaintiff] has alleged his entitlement to punitive damages based on the conduct of defendants that was alleged as 'intentional and/or willful, and/or capricious and/or in reckless, wanton and callous disregard for the rights of the plaintiffs. . .' [Rec. Doc. 280 par. 106]" [Doc. 374, pp. 10 and 13] This Court notes, as did the magistrate judge

if read closely, it remains to be seen whether the conduct plaintiff alleges will be found sufficient to sustain a claim for punitive damages or if the claim might survive a motion for summary judgment, or a challenge to jurisdiction, as it remains to be seen whether any of the conduct alleged will actually rise to a level where punitive damages might be appropriate. This Court notes, again, *the inquiry at hand is one of a limited nature*, i.e. a 12(b)(6) analysis, which does not call for a determinative substantive finding as to the allegations made. Consequently, this Court makes no determination, at this juncture, as to the actual applicability, appropriateness, validity, or lack thereof, of a punitive damage claim. This Court, therefore, remains unmoved by Defendants arguments and finds no bases to sustain the objections, and therefore, **objections 7 and 8** are OVERRULED and DENIED as they provide no legal or factual basis for the relief requested.

As to Defendants' **objections 9, and 10**, Defendants lodge the following objections:

9. Defendants object to the Barras Report and Recommendation's apparent reliance upon "the common law duty to refrain from injuring these water bodies by pollution" as a basis for maritime jurisdiction or a finding of a maritime tort. Rec. Doc. 374, p. 13. ...

10. Defendants object to the determination that Barras has alleged a private right of action for damages for alleged violations of permits issued by the U. S. Army Corps of Engineers under Section 10 of the Rivers and Harbors Act, 33 U.S.C. § 403, or Section 404 of the Clean Water Act, 33 U.S.C. § 1344. Rec. Doc. 374, p.13. ...

[Doc. 382, p.7] **Objection 9** is OVERRULED, however in limited fashion only *as the Court does not determine whether, as a matter of law, the suggested common law duty does or does not exist and furthermore, does not determine whether Mr. Barras would or would not have standing to raise such a claim, whether by way of common law or statute, should such a right exist*. Rather, this court notes *only* that this alleged "right" is not the basis for the court's determination that the 12(b)(6) standard has been sufficiently met as to the nature of the torts pled, i.e a maritime tort.

Consequently, as this "duty" need not be relied upon as a basis for the 12(b)(6) determination, this Court need not make a substantive determination at this juncture, as to whether any such "duty" exists, whether by common law, statue, or otherwise. To the extent the magistrate judge's Individual Report and Recommendation could be read as making any such substantive finding or could be read to indicate that plaintiffs' have or do not have standing to bring any such action under any purported "common law duty to refrain from injuring these waterbodies by pollution," the Court, at this juncture, declines to adopt any such finding or determination. [Doc. 374, p. 13] However, this Court, also, clarifies that it, also declines to make any determination, one way or the other, as to the magistrate judge's discussion of this issue or whether the magistrate judge actually made such a finding and, if so, its correctness or lack thereof. Rather, this Court DECLINES to make any such determination as plaintiff, Mr. Barras' claim survives the 12(b)(6) challenge on other grounds.

Defendant's **Objection 10** argues that the magistrate judge made a determination that "Barras has alleged a private right of action for damages for alleged violations of permits issued by the U.S. Army Corps of Engineers under Section 10 of the Rivers and Harbors Act, 33 U.S.C. § 403, or Section 404 of the Clean Water Act, 33 U.S.C. § 1344. Rec. Doc." [Doc. 382, p. 7] After a careful reading of the Defendants' cited portions of the magistrate judge's Individual Report and Recommendation, this Court does not share the Defendants' reading of the Individual Report and Recommendation. The specific portion of the Individual Report and Recommendation the Defendants' object addresses reads, "[t]he plaintiffs do not seek to enforce compliance with the permit requirements. Rather, they seek to bring a private right of action for damages, caused by the harm to their individual livelihood, as a result of the breach of the duty imposed on the defendants..." [Doc. 374, p.13] The magistrate judge does not determine that a "private right of action" was actually

alleged or pled for violations of the Rivers and Harbors Act, or the Clean Water Act. This seemingly simple nuance is, in fact, primary as pursuant to the *Iqbal* and *Twombly* Rule 12(b)(6) standard, a federal cause of action for a statutory violation must be *sufficiently* alleged in the pleadings. No such allegation was found in Mr. Barras' pleadings. Furthermore, neither the parties, nor the magistrate judge, make an argument which would suggest that such a statutory allegation is at issue as a claim made. Consequently, Objection 10 is OVERRULED as the magistrate judge did not make the determination upon which Defendants base their objection; he did *not* find plaintiffs had *pled* a statutory violation. Rather, merely discussed, perhaps gratuitously; however, this Court sees no need to attack an otherwise straw man. To the extent the plaintiff pled a maritime tort under general maritime law, an alleged violation of the permit might or might not be evidence of a breach of the applicable negligence standard of care under the general maritime law. Thus, neither the magistrate judge nor this Court make a determination a private right of action for a statutory violation has been pled.

**Florida Gas Transmission Co.**

Florida Gas Transmission Co. lodges, *inter alia*, the following objections:

. . .

II.  The Report states that "[t]he extensive factual and procedural background contained in the Report and Recommendation published August 1, 2012 at Rec. Doc. 372 is adopted by reference."...

III. The relief sought by the plaintiff must come, if at all, through the commercial fisherman exception to *Robins Dry Dock & Repair Co. V. Flint*, 275 U.S. 303, 48 S.Ct. 134 (1927).

. . .

[Doc. 381, pp. 1-2] This Court issued a Memorandum Ruling and Order [Docs. 409 and 410] that modified the "Global Report and Recommendation" [Doc. 371] which has been adopted and

incorporated into this Individual Report and Recommendation [Doc. 374] Therefore, **objection II** is SUSTAINED insofar as this Court's prior Ruling modified the "Global Report and Recommendation," and DENIED insofar as this Court DENIED Florida Gas Transmission Co.'s objections in its prior Ruling.

As to Florida Gas Transmission Co.'s **objection III** and Defendants' Common **Objection 6**, this Court notes this matter is at the pleadings stage; the procedural vehicle chosen for this motion is that of Rule 12(b)(6), and the magistrate's Individual Report and Recommendation makes no findings or conclusions regarding the legal or factual application of the Rule of *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303, 48 S.Ct. 134 (1927). Consequently, the objection raised is without merit, at this juncture, and this Court need not make the legal determination of whether or not *Robins Dry Dock* applies under the facts of this case. To that end, the magistrate judge states that "the plaintiff has alleged he has sustained a wide range of damages from personal injury, to property damages, to increased costs of doing business to economic losses." [Doc. 374, p.10] Consequently, the magistrate judge noted the plaintiff made allegations of damages beyond and separate from mere economic loss. It is not for this Court to determine, *under this 12(b)(6) analysis*, whether the facts might or might not trigger a possible application or possible interpretation of the *Robins Dry Dock* rule at this juncture and under this procedural vehicle. It is sufficient for these purposes to find plaintiff has pled facts sufficient to "nudge" his claims from "conceivable" to the "plausible" under *an* existing legal theory of damages sufficiently pled. Whether plaintiff will have *all possible* legal theories or argued damages available to him, again, is not the subject *of this particular motion and ruling* of the Court. Again, this Court notes that at this juncture, it is not necessary or appropriate, to decide the *substantive issue* of the applicability of the *Robins Dry Dock* rule as a close reading of

the Individual Report and Recommendation notes the magistrate judge did not do so, "[f]urther, it is not necessary to decide that issue now as the plaintiff has alleged damages other than for purely economic loss." [Doc. 374, p.11] Defendants themselves allude to the fact that a determination on this particular issue is not appropriate at this time. [Doc. 382, p.3 note 4] Consequently, an objection arguing the magistrate judge has made such a legal determination is without merit. Therefore, Florida Gas Transmission Co.'s **objection III** and Defendants' Common **objection 6** are OVERRULED and DENIED. All other objections by Florida Gas Transmission Co. are OVERRULED as they present no legal or factual basis upon which to overrule the magistrate judge.

**Hess Corporation**

Defendant, Hess Corporation, objects to the magistrate judge's summary of the allegations against it where the magistrate judge states "1. Amerada Hess conducted dredging operations in Lake Chicot from the 1960's to the present..." [Doc 374, p. 4]. Amerada Hess contends that it "sold and conveyed all of its interest in the Lake Chicot Field, leases, wells, equipment, and other personal property, and all operating rights and interests in the area to Denbury Management, Inc. *See* Ex. A, Assignment, Bill of Sale and Conveyance, effective as of January 1, 1996, between Amerada Hess Corporation and AH 1980 Program, Inc. and Denbury Management, Inc." [Doc. 384, p.2] As none dispute Hess' allegation of sale, and accepting those allegations as correct for these limited purposes only, this Court SUSTAINS the objection but clarifies it makes no determination as to the true period of ownership, if any, as to Hess Corporation. However, to the extent the magistrate judge might have misquoted the complaint, the record stands corrected for these purposes only. Thus, the objection is SUSTAINED to the limited extent of noting the possible factual misstatement in the Individual Report and Recommendation.

**Remaining Objections**

Defendants, Bridgeline Holdings, LP, Shell Pipeline Company LP, and Concha Chemical Pipeline LLC, all lodge objections that are rendered MOOT by this Court's ruling [Docs. 416 and 417] on the Motion for Reconsideration of this Court's Ruling on the "Global Report and Recommendation." Thus, these rulings and findings are adopted and incorporated herein.

Plaintiff, Louis Barras Sr., objects to the dismissal of the Dismissed Defendants [Doc. 386] who were dismissed pursuant to this Court's Memorandum Ruling and Order [Docs. 409 and 410] as to the "Global Report and Recommendation." Again, this Court has given full reasons for its ruling, has revisited those rulings by way of the Motion to Reconsider, and has found no persuasive argument to change its original determination on the "Global Report and Recommendation." Plaintiff, Mr. Barras' noted objections are, thus also, rendered MOOT by this Court's ruling on the Motion to Reconsider. Therefore, again, as plaintiffs had filed a Motion for Reconsideration, again challenging the dismissal of the Dismissed Defendants [Doc. 416 in the Main Case 10-cv-348] and this Court has denied the relief requested in that motion, the above noted objections are rendered MOOT and this Court's prior referenced ruling is adopted and incorporated herein.

**B.      Insurance Companies**

This Court, in the Memorandum Ruling and Order to the "Global Report and Recommendation" [Docs. 409 and 410], remanded to the magistrate judge for clarification the question of which insurers remain in this lawsuit given this Court's rulings now made. To the extent the magistrate's clarification of the "Global Report and Recommendation" as to which insurers remain might be applicable to this Individual Report and Recommendation, this Court REMANDS this matter to the magistrate judge for any clarification which might be appropriate as to which

insurers might be impacted by this Court's present ruling.

## VI. Conclusion

Considering the foregoing, this Court concludes that it MODIFIES the magistrate judge's Individual Report and Recommendation as stated above; ADOPTS the magistrate judge's Individual Report and Recommendation, as noted; and DECLINES TO ADOPT as noted and REMANDS to the extent noted. This Court FURTHER ADOPTS this Court's Ruling in Documents 409 and 410, dismissing the claims made by all parties, including Mr. Barras, as against Shell Pipeline Company LP, Concha Chemical Pipeline, LLC, Enterprise Lou-Tex Proplyene Pipeline LP, Bridgeline Holdings, L.P., Denbury Resources, Inc., Sorrento Pipeline Company, Wilbros RIP, Inc., Dow Intrastate Gas Company and their respective insurers, with prejudice, as it might apply to Louis Barras.

This Court FURTHER ORDERS the Motions to Dismiss Louis Barras, Sr.'s claims against the remaining defendants Hess Corporation f/k/a Amerada Hess Corporation, ConocoPhillips, Southern Natural Gas Company, Exxon Mobile Corporation, El Paso Field Services Management, Inc., Union Oil of California, The Dow Chemical Company, Texaco Pipelines, LLC, The Louisiana Land & Exploration Co., Florida Gas Transmission Company, Enterprise Products Company, and Kerr-McGee Federal Limited Partnership and their insurers be DENIED for the reasons noted.

THUS DONE AND SIGNED in Lafayette, Louisiana, this _21_ day of _March_, 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT
DATE 3-22-13
BY OA
TO RFD / PJH